IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

  Vs.                    No.  10-40041-01-SAC

NICKLAUS S. CIANCIARULO,

       Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for
additional time to file motions (Dk. 9). The defendant asserts the need for
additional time and continuance outweighs the best interest of the public
and the defendant in a speedy trial, as set out in 18 U.S.C. § 3161(h)(7).
The defendant's motion states that the government has no objection to the
additional time.

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq*.,
principally requires a federal criminal trial to commence within 70 days of
the filing of the information or indictment or from the defendant's initial
appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). "[T]he Act
was designed not just to benefit defendants but also to serve the public
interest." *Zedner v. United States*, 547 U.S. 489, 501 (2006). To

accommodate the expected differences in criminal cases and the varying

valid reasons for longer pretrial periods, the STA excludes delays

attributable to certain events and circumstances.  *See, e.g.*, 18 U.S.C. §

3161(h)(1)(A)-(H).

The ends of justice continuance has been the topic of recent

decisions which have framed the operation of this continuance and

emphasized the applicable procedural requirements.  "Much of the Act's

flexibility is furnished by § 3161(h)(8)[1], which governs the ends-of-justice

continuances."  *Zedner*, 547 U.S. at 497.  This provision "was plainly meant

to cover many of" the defendant's continuance requests.  *Id.* at 500.  This

exclusion is not to function as the defendant's mere waiver of the STA, but

rather, the defendant must put forward sufficient reasons for the requested

continuance that the court must consider and balance among the relevant

factors.  *Id.*  The STA requires the court to make a record, orally or in

writing, of "its reasons for finding that the ends of justice served by granting

of such a continuance outweigh the best interests fo the public and the

defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The Supreme

Court in *Zedner* characterized the operation of the ends-of-justice

---

[1]This provision is now codified as § 3161(h)(7).

continuance in these terms:

> The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases. But it is equally clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of § 3161(h)(8), then, is to counteract substantive openendedness with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings.

547 U.S. at 508-09.

Tenth Circuit precedent on the ends of justice continuance is in step with this procedural strictness:

> "Th[e] [ends-of-justice] exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989) (quotation omitted).  The requirement that the district court make clear on the record its reasons for granting an ends-of-justice continuance serves two core purposes.  *Id.*  It both ensures the district court considers the relevant factors and provides this court with an adequate record to review.  *Id.* "Failure to address [the reasons] on the record creates the unnecessary risk of granting continuances for the wrong purposes, and encourages overuse of this narrow exception." *Id.*  Thus, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *Gonzales*, 137 F.3d at 1433.  "In setting forth its findings, however, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791,

797 (10th Cir. 1993) (quotation omitted).  While the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss.  *Zedner v. United States*, 547 U.S. 489, 506-07 & n. 7 (2006).

*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).  In

*Toombs*, the court clarified and emphasized that the record must not only

identify the circumstances or events offered for the continuance but it must

explain how they have created the need for additional time:

> Our decisions in *Williams* and *Gonzales* indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time.  *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.  A record consisting of only short, conclusory statements lacking in detail is insufficient.  For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial.  *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.  Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.  *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.

*Toombs*, 574 F.3d at 1271-72 (footnote omitted).

The defendant's motion here is indistinguishable from the

example cited in *Toombs*  as inadequate.  It merely identifies an event

(counsel being out of the office)[2] and adds the "conclusory statement that the event requires more time for counsel to prepare." *Id.* at 1272. This "is not enough." *Id.* The motion offers no meaningful summary of the nature of the case. The court is without a context to consider the likelihood and complexity of any contemplated pretrial motions. The nature of the case, in most instances, will offer a  contextual backdrop for evaluating a party's reasons for requesting the continuance and assessing the reasonableness of expecting this case to be prepared and ready for trial within the standard time frames. The court also needs to be informed of the specific circumstances showing that without the continuance the movant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Such information should include a general, but meaningful, description of the nature, relevance and importance of the discovery record and "the nature of the further investigation allegedly required." *See Toombs*, 574 F.3d at 1272. The details and specifics provided in this information must show why the particular request of time is necessary and reasonable. The

_____

[2]The court understands that the motion here seeks additional time from first-setting deadlines. The court is unaware of any authority that recognizes this circumstance as grounds for suspending the basic STA procedural requirements for an ends-of-justice continuance.

court should be equipped with enough to say that the time requested is consistent with the exercise of due diligence. The court also should be assured that counsel has been preparing the case and that the continuance request is not the result of counsel's lack of diligent preparation. This entails disclosing the amount of preparation already invested into the case and the amount of additional preparation still needed.

The court appreciates that this required detail is more than what had been the practice before this court before *Toombs*. The court is unaware of any recent changes to these requirements, to the court's obligation to enforce them, or to a party's responsibility to follow them. The Tenth Circuit in *Toombs* is emphatic that "conclusory statements" are inadequate and that a court should be so informed as to balance the specific circumstances surrounding the identified event and to assess the reasonableness of the claimed need for additional time. 574 F.3d at 1273. The court gives the defendant ten days to supplement his motion for additional time.

IT IS THEREFORE ORDERED the defendant's motion for additional time to file motions (Dk. 9) will remain pending, as the defendant

is given ten days to supplement his motion with additional relevant information meeting the factors and inquiries set forth herein.

Dated this 4th day of May, 2010, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge