IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

 Vs.            No. 10-40041-01-SAC

NICKLAUS S. CIANCIARULO,

    Defendant.

MEMORANDUM AND ORDER

   The case comes before the court on the defendant's motion for additional time to file motions (Dk. 9) and his supplement to the motion (Dk. 11). In his original motion, the defendant asserted the need for additional time and continuance outweighs the best interest of the public and the defendant in a speedy trial, as set out in the ends of justice continuance of 18 U.S.C. § 3161(h)(7). The court filed an order laying out the deficiencies in the defendant's motion and giving the defendant ten days to supplement his motion. (Dk. 10). In his supplement, the defendant abandons his request for a continuance under the ends of justice provision and argues for an exclusion of time under 18 U.S.C. § 3161(h)(1)(D) and *United States v. Mobile Materials*, 871 F.2d 902, 911 (10th Cir. 1989).

   In *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 913-14

(10th Cir. 1989), the Tenth Circuit added to the non-exclusive list of automatic tolling exclusions under § 3161(h)(1) the defendant's extension of time to file pretrial motions. *See United States v. Medrano*, 2009 WL 4547801, at *2 (10th Cir. Dec. 7, 2009). This exclusion, however, is no longer available to the defendant. The Supreme Court has decided *United States v. Bloate*, 534 F.3d 893 (8th Cir. 2008), *rev'd,* ---U.S.---, 2010 WL 757660 (Mar. 8, 2010), holding that the time to prepare pretrial motions is not automatically excludable but excludable only upon an ends of justice continuance. Because this *Mobile Materials* exclusion is no longer available in this circuit, parties and courts will be looking only at the ends of justice continuance when defendants seek more time to prepare pretrial motions. *See Bloate*, ---U.S.---, slip op. at 14, 2010 WL 757660, at *8 ("Our determination that the delay at issue here is not automatically excludable gives full effect to subsection (h)(7), and respects its provisions for excluding certain types of delay only where district court makes findings justifying the exclusion." (footnote omitted)).

As the defendant has chosen this course of not supplementing his original motion and choosing an alternative ground which is no longer cognizable under the law, the court denies the defendant's motion insofar

as it seeks to exclude the delay from the speedy trial court clock. Thus, the court will extend the defendant's deadline for filing pretrial motions to May 28, 2010, but this time is not excludable from the speedy trial clock.

IT IS THEREFORE ORDERED the defendant's motion for additional time to file motions (Dk. 9) and supplement (Dk. 11) are granted insofar as the deadline is extended to May 28, 2010, but are denied insofar as the delay is not excludable and the speedy trial clock will resume with the filing of this order.

Dated this 18th day of May, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge