IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

 Vs.          No. 10-40041-01-SAC

NICKLAUS S. CIANCIARULO,

      Defendant.

MEMORANDUM AND ORDER

  The case comes before the court on the defendant's unresolved objections to the presentence report ("PSR"). The defendant pleaded guilty to distribution of methamphetamine as charged in count one of the indictment. The charged offense carries a mandatory minimum sentence of 60 months imprisonment. The PSR recommends a base offense level of 28 less a three-level acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1. With a total offense level of 25 and a criminal history category of two, the advisory guideline sentencing range is 63 to 78 months.

  The addendum to the PSR reflects the defendant has two objections to the criminal history section. The defendant first objects that his only conviction should receive one criminal history point, not two points,

as the court suspended his sentence from 60 days incarceration to nine days. The defendant's other objection is that he was never prosecuted for the offense set forth in ¶ 36. In response to the first objection, the government agrees the guideline range would be 46 to 57 months if it is determined that the court suspended all but nine days of incarceration. The government makes no response to the second objection.

At ¶ 33, the PSR reflects the defendant was sentenced on a conviction for non-support of a child to seven months' imprisonment that the court suspended and then granted 12 months' probation in 2004. The court on May 17, 2006, revoked the defendant's probation and remanded him to serve 60 days in jail. The court, however, released the defendant from jail just nine days later on May 26, 2006, and terminated probation.

To his sentencing memorandum, the defendant attaches the docket sheet on this prior conviction. The entry on May 17, 2006, reflects that probation was revoked and reinstated with the condition that the defendant "serve 60 days shock time." (Dk. 46-1, p. 3). Another entry for that day also shows probation was extended 12 months. The docket sheet indicates on May 26, 2006, that the court terminated probation and the defendant was released from jail. *Id.* The defendant argues that the 60-

day shock incarceration should not be assessed two criminal history points under U.S.S.G. § 4A1.1(b) as he served only nine days, then the court terminated probation and effectively suspended the balance of his sentence. The defendant concludes the sentence of shock time should be treated as a suspended sentence with the sentence of imprisonment being only "the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2).

The guidelines provide that a "prior sentence of imprisonment of at least sixty days" receives two criminal history points, U.S.S.G. § 4A1.1(b), but "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended," U.S.S.G. § 4A1.2(b)(2). Application note two to U.S.S.G. § 4A1.2 also reads in part:

> That is, criminal history points are based on the sentence pronounced, not the length of time actually served. *See* § 4A1.2(b)(1) and (2). A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days were imposed.

U.S.S.G. § 4A1.2, comment. (n. 2). Finally, the provision governing revocations of probation states:

> In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for §

3

4A1.1(a), (b), or (c), as applicable.

U.S.S.G. § 4A1.2(k)(1). In light of these provisions, the issue here is how to treat the "60 days shock time" either as a condition of probation and part of the pronounced sentence (§ 4A1.2(b)(1)) or as a tentative period of incarceration subject to suspension (§ 4A1.2(b)(2)).

Kansas law permits a court to suspend a sentence and to include in felony cases a condition of not more than 60-days confinement as a condition of suspension pursuant to K.S.A. 21-4603(b)(4). K.S.A. 21-4602(b). By the same token, Kansas law permits a court to release a defendant on probation and include in felony cases a condition of not more than 60-days confinement as a condition of probation pursuant to K.S.A. 21-4603(b)(3). K.S.A. 21-4602(c). A Kansas court has the authority to "modify any general or specific conditions of probation, [and] suspension of sentence." K.S.A. 21-4610(a).

The state court documents certainly indicate that in May of 2006 the defendant's probation was revoked and reinstated for 12 months with a condition that he serve 60 days "shock time." Shock time and shock incarceration are terms popularly used in this setting to describe a procedure employed by the sentencing court to give the offender a taste of

incarceration as an incentive for compliance and to retain jurisdiction for reconsidering the sentence and releasing the offender back to supervision. The Kansas statutes cited above would appear to permit this procedure. Moreover, the state court's decision to release the defendant after just nine days and terminate probation is certainly consistent with the general purpose of shock time.

The court concludes that the sentence of shock time here fits more closely the policy underlying the guideline rule for suspended sentences. There is authority for this conclusion. First, the Fifth Circuit in *United States v. Jasso*, 587 F.3d 706 (5th Cir. 2009), addressed the situation of a defendant who received a ten-year sentence upon the revocation of his probation. After the defendant served only six months of the prison term, he was returned to state court whereupon he was released and placed on "shock probation." In deciding what sentence would be counted for the probation revocation, the Fifth Circuit held:

> This case requires us to address the question of whether "term of imprisonment," as it appears in § 4A1.2(k), refers only to the portion of the term of imprisonment that was not suspended--or, whether it refers to the entirety of the term of imprisonment issued upon revocation, regardless of any subsequent suspension of that term. We conclude that "term of imprisonment," as it appears in § 4A1.2 as a whole, is synonymous with "sentence of imprisonment" and therefore "refers only to the portion that was not suspended." §

5

4A1.2(b)(2).

*Id.* at 710. Second, "'the defining characteristic of a 'suspended sentence' under the United States Sentencing Guidelines is that it is suspended by a judicial officer, rather than an executive agency.'" *United States v. Chavez-Diaz*, 444 F.3d 1223, 1227 (10th Cir. 2006) (quoting *United States v. Garcia-Gomez*, 380 F.3d 1167, 1172 (9th Cir. 2004)). Thus, to be a suspended sentence, the state court's judgment and orders must show it intended to suspend or postpone part of the definite sentence. *Id.*[1] In this case, the state court's intent is evident in sentencing the defendant to "shock time" and nine days later resentencing him by releasing him from jail and terminating probation. For these reasons, the court sustains the defendant's objection to ¶ 33 and reduces the criminal history score for that conviction to one point.

The result of this ruling is that the defendant's criminal history category is also reduced to one, and he becomes eligible for the safety valve provisions in § 5C1.2. With the two-level reduction in § 2D1.1(b)(11),

---

[1]"By common definition a "suspended sentence" is a definite sentence postponed so that the defendant is not required to serve his time in prison unless he commits another crime or violates some court-imposed condition during a probationary period." *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002) (citations omitted).

6

the defendant's total offense level is now 23, the criminal history category is one, the mandatory minimum is not controlling, and the advisory guideline sentencing range is 46 to 57 months.

The defendant's other objections are to the offense described in ¶ 36, for which no criminal history points were scored, and to his high school grade point average. No ruling on these objections is necessary, as these matters will not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B).

IT IS THEREFORE ORDERED that the defendant's first objection to the PSR as set forth in the addendum and argued in his sentencing memorandum (Dk. 46) is granted, and the defendant's remaining objections to the PSR are overruled.

Dated this 8th day of November, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge